## Case No. 3,647a.

### DAVIS v. PITMAN.

[Hempst. 44.][1]

Superior Court, Territory of Arkansas. Oct. 1826.

DAMAGES FOR TRESPASS—PROVINCE OF COURT AND JURY—JUSTICE OF THE PEACE CASES—PLEADINGS.

1. In actions of trespass, where the damages are uncertain, it is the province of the jury to

---

[1] [Reported by Samuel H. Hempstead, Esq.]

ascertain them; and the court should not interfere, unless the damages are outrageously excessive, and disproportionate to the injury.

2. In suits originating before justices of the peace, no formal pleadings are necessary.

Appeal from Independence circuit court.

[Action of trespass by Abijah Davis against Peyton R. Pitman.]

Before JOHNSON, SCOTT, and TRIMBLE, Judges.

OPINION OF THE COURT. This was an action originally brought by Pitman against Davis, before a justice of the peace, for an alleged trespass on a farm of Pitman in the county of Lawrence; and on trial of the cause before the justice, a verdict and judgment were rendered in favor of Pitman against Davis for twenty-two dollars and costs, from which judgment Davis appealed to the circuit court, where judgment was again rendered in favor of Pitman for the like sum. From this judgment Davis prosecuted his appeal to this court.

Although many errors have been assigned and argued, we shall confine ourselves to two or three of them, believing the others to be immaterial. It appears, that after judgment in the circuit court, the defendant moved the court for a new trial, on the ground that, "on the trial of the cause, there was not a particle of evidence to show the extent of damages, by which the jury could assess them." This motion was overruled by the court, to which decision the defendant excepted. This question we think the court could not have decided differently, for the measure of damages is the very gist of the action of trespass; and all the court will require to be shown is, that a trespass has been committed, and damages being uncertain, it is the peculiar province of the jury from all the facts to ascertain them. The court should not interfere unless where the damages are outrageously excessive, and disproportionate to the injury. The defendant then moved the court in arrest of judgment, on the ground that there was no issue joined in this case, stating that the defendant had filed a special plea alleging title to the premises upon which the trespass was stated to have been committed; to which special plea there was no replication. We do find such a plea tendered on the trial before the justice, but it was not urged on the trial before the circuit court, nor were any exceptions taken to the jurisdiction of the justice. The parties, therefore, by consent, proceeded regularly to trial, in the same manner they would or should have done before the justice. No pleadings or issue was necessary, and after judgment it was not competent for either party to avail himself of any defect in the proceedings had before the justice. It would have been different with regard to an issue, provided the suit had originated in the circuit court. Affirmed.